**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

Kerrie Vaughn,

       Plaintiff,

  v.

Kia America, Inc.,

       Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Kia America, Inc. ("Kia America") files this Notice of Removal of the above-captioned civil action, which was filed against it by Plaintiff, Kerrie Vaughn ("Plaintiff"), in the District Court for the County of Arapahoe, Colorado, to the United States District Court for the District of Colorado, on the basis of the following facts.

### Jurisdiction and Venue

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441 (a) because it comprises a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

2. Venue is proper in this Court, pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 85, because this District and Division embrace the place in which the state court action was filed and has been pending.

1

## Timeliness of Removal

3. This case originated in the District Court for the County of Arapahoe, Colorado, as Case No. 2022-CV-30905, captioned *Kerrie Vaughn v. Kia America, Inc.*

4. The Complaint in this case, a copy of which is attached as Exhibit A, was filed on May 19, 2022.

5. Kia America was served on June 13, 2022. *See* Exhibit B.

6. Pursuant to 28 U.S.C. § 1446(b) and Fed.R.Civ.P. 6(a), Kia America now timely files this Notice of Removal.

## Amount in Controversy

7. Pursuant to Colo.R.Civ.P. 16.1, Plaintiff filed a Civil Case Cover Sheet with her initial pleading indicating that the amount in controversy is greater than $100,000, exclusive of interest and costs. Indeed, Counsel for Plaintiff checked the box indicating:

> This party is seeking a monetary judgment against another *party* for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interests and costs as supported by the following certification:
>
> "By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

*See* Exhibit A, at 1-2.

8. As the U.S. Court of Appeals for the Tenth Circuit has made clear, a Colorado Civil Case Cover Sheet constitutes either part of the "initial pleading" under 28 U.S.C. § 1446(b)(1) or an "other paper" under 28 U.S.C. § 1446(b)(3) such that a defendant may rely upon the plaintiff's representations therein for purposes of alleging the amount in controversy. *Paros*

*Props. LLC v. Colo. Cas. Ins. Co.,* 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("We think that view is sound. There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).").

9. Furthermore, in her Complaint, Plaintiff supports the representations in her Civil Case Cover Sheet by alleging she suffered an injury in May 2020 and as a result has sought extensive medical care.

10. Specifically, Plaintiff alleges she sustained a traumatic brain injury with subdural hemorrhage and that she suffers from cognitive dysfunction, chronic migraines, and ageusia. Exhibit A, ¶ 40. Plaintiff alleges she sought medical care for her injuries and that such care "continues to this day and is expected to continue through the remainder of her life." *Id.* ¶ 41.

11. Plaintiff seeks economic damages, including past and future medical expenses and out of pocket expenses, lost income, and loss of earning capacity. *Id.*, Prayer for Relief. Plaintiff further alleges she "will continue to suffer in the future non-economic damages including, but not limited to, pain and suffering; loss of enjoyment of life; inconvenience; and emotional distress." *Id.* ¶ 59. Finally, Plaintiff seeks damages for "physical impairment and disfigurement." *Id.*, Prayer for Relief.

12. Pursuant to 28 U.S.C. § 1446(c)(2), therefore, this matter comprises a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Complete Diversity**

13.   Plaintiff is a resident and citizen of the state of Colorado and resides at 5060 Hopkins Drive, Colorado Springs, CO 80911.  Exhibit A, ¶ 1.

14.   Kia America is incorporated, domiciled, and headquartered in California.  *Id.* ¶ 2; Exhibit C.  Its principal office is located at 111 Peters Canyon Road, Irvine, CA 92606.  *Id.* It is a citizen of the state of California, and has been since 1992.  *Id*; Exhibit D.[1]

15.   Accordingly, there is complete diversity between Plaintiff and Kia America.

**Miscellaneous**

16.   By filing this Notice of Removal, Kia America does not waive any defense that may be available to it, including failure to state a claim upon which relief may be granted, lack or failure of service, expiration of any relevant statute of limitations or repose, or lack of standing.

17.   Kia America has not responded to the Complaint in the state court action. Pursuant to 28 U.S.C. § 1446(d) and D.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the clerk of court for the District Court for the County of Arapahoe.  In addition, within fourteen days after the filing of this Notice of Removal, Kia America will file a current state court docket sheet (Register of Actions) and will separately file each pending motion, petition, and related response, reply, and brief.   No hearing has been set in the state court case.

18.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders

---

[1] Kia America was originally incorporated as "Kia Motors America, Inc."  In 2021, the entity changed its name to Kia America, Inc. *See* Exhibit E.

4

served upon Kia America are attached. *See* Exhibits A, B.

19. Pursuant to D.C.COLO.LAttyR 5(a)(3)(C), the undersigned hereby certifies that he is a member in good standing of the bar of this Court.

## Conclusion

20. Based on the foregoing, Kia America respectfully requests that this Court take jurisdiction over this matter to its conclusion and to final judgment to the exclusion of further proceedings in the state court, in accordance with law.

Respectfully submitted,

*s/ Edward C. Stewart*
Edward C. Stewart
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
stewart@wtotrial.com

Attorney for Defendant Kia America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants:

Stephen J. Burg
David J. Crough
Burg Simpson Eldredge Hersh & Jardin, P.C.
40 Inverness Drive East
Englewood, Colorado 801112
sburg@burgsimpson.com
dcrough@burgsimpson.com

*s/ Edward C. Stewart*
Edward C. Stewart
Attorney for Defendant Kia America, Inc.