# EXHIBIT A

☒**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

DATE FILED: May 19, 2022 3:30 PM
FILING ID: FD51C8B7A3256
CASE NUMBER: 2022CV30905

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, COLORADO<br>7325 S. Potomac Street, Centennial, CO 80112<br>Phone: (303) 649-6355<br><br>Plaintiff: **Kerrie Vaughn**<br><br>v.<br><br>Defendant: **Kia America, Inc.** | ▲COURT USE ONLY▲ |
| ATTORNEYS FOR PLAINTIFF:<br>Name: Stephen J. Burg, Reg. No. 39789<br>　　　　 David J. Crough, Reg. No. 47528<br>Address: Burg Simpson Eldredge Hersh & Jardine, P.C.<br>　　　　 40 Inverness Drive East<br>　　　　 Englewood, Colorado, 80112<br>Phone No.: (303) 792-5595<br>Fax No.: .(303) 708-0527<br>E-Mail: sburg@burgsimpson.com<br>　　　　 dcrough@burgsimpson.com | Case No.<br><br>Ctrm/Div: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND** | |

1.  This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

    ☐  This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

    ☒  This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

"By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐   Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.   ☒   This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date**:   _May 19, 2022 _                    _/s/ David J. Crough_
                                                  **Signature of Party or Attorney for Party**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, COLORADO<br>7325 S. Potomac Street, Centennial, CO  80112<br>Phone: (303) 649-6355 | DATE FILED: May 19, 2022 3:30 PM<br>FILING ID: FD51C8B7A3256<br>CASE NUMBER: 2022CV30905 |
| Plaintiff:   **Kerrie Vaughn**<br><br>v.<br><br>Defendant:   **Kia America, Inc.** | ▲COURT USE ONLY▲ |
| ATTORNEYS FOR PLAINTIFF:<br>Name:         Stephen J. Burg, Reg. No. 39789<br>               David J. Crough, Reg. No. 47528<br>Address:    Burg Simpson Eldredge Hersh & Jardine, P.C.<br>               40 Inverness Drive East<br>               Englewood, Colorado, 80112<br>Phone No.:  (303) 792-5595<br>Fax No.:     (303) 708-0527<br>E-Mail:      sburg@burgsimpson.com<br>               dcrough@burgsimpson.com | Case No.<br><br>Ctrm/Div: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff Kerrie Vaughn, by and through her attorneys, Burg Simpson Eldredge Hersh & Jardine, P.C., files this Complaint and Jury Demand against the Defendant, and alleges and avers as follows:

## PARTIES

1.  Plaintiff Kerrie Vaughn is an individual residing at 5060 Hopkins Drive, Colorado Springs, Colorado 80911.

2.  Defendant Kia America, Inc. is a foreign corporation incorporated in California with its corporate headquarters located at 111 Peters Canyon Road, Irvine, California 92606.  Its registered agent, CT Corporation System, Inc., is located at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## JURISDICTION AND VENUE

3.  The Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

4.  The Court has personal jurisdiction over Defendant by virtue of Defendant's operations and presence in Colorado, by its transacting business in or directed at Colorado, and/or by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous and systematic contacts with Colorado.

1

5. Venue is proper in this court pursuant to C.R.C.P. 98(c) because Defendant sells its products in Arapahoe County and conducts business in Arapahoe County, Defendant's registered agent is located in Arapahoe County, and Arapahoe County is the county designated in this complaint.

## GENERAL ALLEGATIONS

6. At all times relevant, Defendant Kia America, Inc. was the manufacturer of the 2016 Kia Soul EV Plus, VIN: KNDJX3AE1G7017192 ("Vehicle") that is the subject of this complaint.

7. This action is a "product liability action" against the Defendant on account of personal injuries sustained by Plaintiff as defined by and governed by C.R.S. § 13-21-401 *et seq.* and Defendant is the "manufacturer" of the Vehicle as defined by C.R.S. § 13-21-401 *et seq.*

8. Defendant is now, and at all times mentioned in this complaint was, in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of motor vehicles, including the Vehicle in question.

9. Defendant maintains a network of approximately eleven authorized dealers of its products in Colorado.

10. Defendants targets the Colorado market for the sale of its products, including the Vehicle in question.

11. Defendant purposefully avails itself of the privilege of conducting activities within Colorado, given the demand of Colorado residents for Defendant's vehicles.

12. Defendant actively markets and sells its products to Colorado residents through advertising and promotional events within the state of Colorado.

13. Upon information and belief, the Vehicle was originally sold as new by Defendant through a Colorado authorized dealer to a Colorado resident in Colorado.

14. Defendant's in-service date for the Vehicle was July 6, 2016.

15. When the Vehicle was manufactured by Defendant, Defendant equipped the Vehicle with an automatic transmission ("Transmission").

16. When the Vehicle was originally sold as new by Defendant, it was equipped with the Transmission.

17. On August 31, 2019, Plaintiff purchased the Vehicle from Peak Kia located at 5077 S. Wadsworth Boulevard, Littleton, Colorado 80123.

2

18.  Plaintiff purchased the Vehicle as a "Certified Pre-Owned Vehicle" with an odometer reading of 17,672 miles.

19.  When Plaintiff purchased the Vehicle, it was still equipped with the Transmission.

20.  Upon information and belief, the Transmission had never been removed, repaired, disassembled, or modified by anyone before Plaintiff purchased the Vehicle.

21.  From the date that Plaintiff purchased the Vehicle, up through and including May 2020, she did not remove, repair, or disassemble the Transmission.

22.  From the date that Plaintiff purchased the Vehicle, up through and including May 2020, she did not have any service facility and/or mechanic remove, repair, or disassemble the Transmission.

23.  From the date that Plaintiff purchased the Vehicle, up through and including May 2020, the Vehicle was not involved in any collision that impacted the Transmission.

24.  From the date that Plaintiff purchased the Vehicle, she expected that the Transmission would keep the Vehicle parked and stationary when the gear shift lever was placed in the "Park" position.

25.  The loss occurred on May 29, 2020, in front of Plaintiff's home at 5060 Hopkins Drive, Colorado Springs, with the entire sequence of events recorded by her Nest doorbell video camera.

26.  Ms. Vaughn drove from the street in front of her house into her garage to park Vehicle inside of her garage.

27.  Unbeknownst to Plaintiff, the Vehicle's defective Transmission allowed it to be placed into a "False Park" where it can roll away unattended while the gear shift lever is in the position of "Park."

28.  Once in the garage, Ms. Vaughn put the Vehicle's gear shift lever into the position of "Park."

29.  When Plaintiff put the transmission gear shift lever into the "Park" position, she was relying on that selection to keep the Vehicle parked and stationary in her garage.

30.  Plaintiff then exited the Vehicle, closed the driver's door, and walked down her driveway to get a trash receptacle on the street.

31.  After several seconds had passed, Plaintiff saw the Vehicle slowly rolling backwards out of her garage and down her driveway toward the street.

3

32.   Plaintiff ran to open the Vehicle's left front door to try to stop the Vehicle before it rolled out into the street.

33.   As the Vehicle picked up speed down the driveway, Plaintiff was knocked down by the open left front door, and her head directly impacted the pavement (the "Incident").

34.   The Vehicle rolled across the street, hit a neighbor's parked vehicle, and then rolled back across the street, almost hitting Plaintiff a second time.

35.   Plaintiff was able get out of way to avoid being run over, and got into the Vehicle to stop it until neighbors arrived to help.

36.   At all times between Plaintiff parking the Vehicle in her garage and it rolling away and hitting her, the Vehicle's gear shift lever was in the position of "Park."

37.   At the time of the Incident, Plaintiff had operated the Vehicle in a manner and for a purpose that was intended by Defendant.

38.   At the time of the Incident, Plaintiff had operated the Vehicle in a manner that was reasonably expected by Defendant.

39.   As a result of the Incident, Plaintiff was severely injured and required emergency medical treatment.

40.   As a result of the Incident, Plaintiff sustained a traumatic brain injury with subdural hemorrhage, and suffers from cognitive dysfunction, chronic migraines, and ageusia.

41.   As a result of her injuries, Plaintiff has sought extensive medical care, which continues to this day and is expected to continue through the remainder of her life.

42.   As the manufacturer of the vehicle, Defendant owes a duty to design and manufacture products that are reasonably safe, including the Vehicle.

43.   As the manufacturer of the vehicle, Defendant owes a duty not to design and manufacture products that are more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, including the Vehicle.

44.   As the manufacturer of the vehicle, Defendant owes a duty not to design and manufacture the Vehicle equipped with a Transmission that allows it to roll away unattended while the gear selector is in the position of "Park."

45.   As the manufacturer of the vehicle, Defendant owes a duty to warn that the Vehicle, as equipped with the Transmission, could roll away unattended while the gear shift lever is in the position of "Park."

46.   As the manufacturer of the vehicle, Defendant owes a duty to warn a consumer that if the Vehicle, as equipped with the Transmission, is not secured in "Park" to prevent an unintended rollaway, the consumer should not exit the vehicle.

47.   The Vehicle, as designed and manufactured by Defendant, was defective and unreasonably dangerous.

48.   The Vehicle was unreasonably dangerous because the defect in its design created a risk of harm to persons which would not ordinarily be expected.

49.   The Vehicle was unreasonably dangerous because the defect in its design created a risk of harm to persons which was not outweighed by the benefits to be achieved from such design.

50.   Defendant failed to provide adequate warnings about the Vehicle, rendering it defective and unreasonably dangerous.

51.   On information and belief, prior to the Incident, Defendant was aware and/or should have been aware of the defective nature of its vehicles from other similar rollaway events that occurred prior to the Incident.

52.   On information and belief, prior to the Incident, Defendant evaluated field data of similar rollaway events where its vehicles placed in "Park" had rolled away.

53.   On information and belief, prior to the Incident, Defendant conducted vehicle testing and confirmed that its vehicles could rollaway while the gear shift lever was in the position of "Park."

54.   On July 2, 2020, after the Incident, Defendant issued manufacturer's recall # SC191 to address the fact that its vehicles could rollaway while the gear selector was in the position of "Park," instructing dealers to "update the Electronic Control Unit software for the Electronic Parking Brake logic so that the electronic parking brake automatically engages if the POWER button is turned OFF when the gear shift lever is the "P" (Park) position."

55.   On July 2, 2020, Kia asked Plaintiff to buy-back the Vehicle.

56.   Defendant is strictly liable for its failure to design and manufacture a reasonably safe Vehicle, and its failure to provide adequate warnings about the Vehicle.

57.   As a direct and proximate result of Defendant's actions and inactions, Plaintiff sustained severe injuries, requiring medical treatment.

58.   As a direct and proximate result of Defendant's action and inactions, Plaintiff has suffered and will continue to suffer economic losses and damages including, but not limited to, past and future medical and rehabilitation expenses and out-of-pocket expenses, and past and future lost income and loss of earning capacity.

59. As a direct and proximate result of this Incident, Plaintiff has and will continue to suffer in the future non-economic damages including, but not limited to, pain and suffering; loss of enjoyment of life; inconvenience; and emotional distress.

60. As a direct and proximate result of this Incident, Plaintiff has and will continue to suffer physical impairment and disfigurement.

## FIRST CLAIM FOR RELIEF
### Strict Products Liability

61. Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

62. Defendant designed, manufactured, assembled, inspected, tested, distributed, sold, and failed to warn about the subject Vehicle so as to render it defective, unreasonably dangerous, and unsafe for its intended use.

63. Defendant's design, manufacturing, assembling, inspection, distribution, sale, and failure to warn about the Vehicle caused the defective, unreasonably dangerous, and unsafe condition as alleged herein.

64. When the Plaintiff sustained the injuries alleged above, Defendant's product was in a defective condition unreasonably dangerous to a user or consumer in that it was unfit, unsafe, not usable for the purpose for which it was intended, and dangerous and defective in nature, design, and materials.

65. Such condition was not observable by Plaintiff who, lacking the technical knowledge and skill required to examine or determine said defects described above, relied on the duty of Defendant to deliver the product at the time of sale in a condition fit for use for the purpose intended and in a safe and operable condition.

66. The Vehicle reached the Plaintiff without substantial change in the condition in which it was sold.

67. The breach of such duty by Defendant, and such defective condition of its product, was a proximate cause of injuries so sustained by Plaintiff.

68. Because the Vehicle was not reasonably safe, the Defendant is strictly liable to the Plaintiff for the harm proximately caused by the Defendant's defective and dangerous product.

## SECOND CLAIM FOR RELIEF
### Negligence

69. Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

70.     Defendant owed a duty to design and manufacture products that are reasonably safe, including the Vehicle.

71.     Defendant owed a duty to inspect, market and sell products that are reasonably safe, including the Vehicle.

72.     Defendant owed a duty to warn that the Vehicle, as equipped with the Transmission, could rollaway unattended while the gear shift lever is in the position of "Park," as it did during the Incident.

73.     Defendant breached its duties, having negligently designed and/or manufactured and/or inspected and/or marketed and/or sold the Vehicle and negligently placed it in the channels of trade when it knew or with reasonable care should have known the Vehicle to be dangerous and defective in nature, design and materials, and in a dangerous and/or defective condition, in a manner in which Defendant should reasonably have foreseen would come into use by persons such as the Plaintiff who are ignorant of the dangerous and defective condition.  Defendant failed to use reasonable care to prevent such injury to such persons including the Plaintiff.

74.     Defendant breached its duties, having failed to warn Plaintiff and other consumers of the potential for its vehicles to roll away unattended while the gear shift lever is in the position of "Park," before and after offering its product for sale.

75.     The breach of such duties by Defendant, and such defective condition of its product, was the proximate cause of injuries so sustained by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendant and for relief as follows:

1.     Economic damages, including but not limited to, past and future medical expenses and out of pocket expenses, lost income, and loss of earning capacity;

2.     Non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress;

3.     Damages for physical impairment and disfigurement;

4.     All other compensatory damages caused by Defendant's actions, to be proven at trial;

5.     Pre-judgment and post-judgment interest as provided for by law;

6.     Attorney fees, costs and expenses of this action as provided for by law; and

7.     For such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 19th day of May, 2022.

**BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.**

*(Original signature on file at Burg Simpson
Eldredge Hersh & Jardine, P.C.)*

 */s/ David J. Crough*
Stephen J. Burg, Reg. No. 39789
David J. Crough, Reg. No. 47528
40 Inverness Drive East
Englewood, CO 80112
(303) 792-5595
*Attorneys for Plaintiff*

# EXHIBIT B



**CT Corporation**
**Service of Process Notification**
06/13/2022
CT Log Number 541739370

## Service of Process Transmittal Summary

**TO:**   Mark Goldzweig
Kia Motors America, Inc.
111 Peters Canyon Rd
Irvine, CA 92606-1790

**RE:**   **Process Served in Colorado**

**FOR:**   Kia America, Inc.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Kerrie Vaughn // To: Kia America, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint and Jury Demand |
| **COURT/AGENCY:** | Arapahoe County District Court, CO<br>Case # 2022CV30905 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 2016 Kia Soul EV Plus - VIN:<br>KNDJX3AE1G7017192 |
| **PROCESS SERVED ON:** | CT Corporation System, Centennial, CO |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/13/2022 at 13:03 |
| **JURISDICTION SERVED:** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after such service upon you (Document(s) may contain additional answer<br>dates) |
| **ATTORNEY(S)/SENDER(S):** | David J. Crough<br>Burg Simpson Eldredge Hersh & Jardine, P.C.<br>40 Inverness Drive East<br>Englewood, CO 80112<br>303-792-5595 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/13/2022, Expected Purge Date:<br>06/18/2022<br><br>Image SOP<br><br>Email Notification,  Mark Goldzweig  Mgoldzweig@kiausa.com<br><br>Email Notification,  Debbie Avalos  davalos@kiausa.com<br><br>Email Notification,  Wendy Seeley  wseeley@kiausa.com<br><br>Email Notification,  Marisa Sanchez  msanchez@kiausa.com<br><br>Email Notification,  Robert Hyatt  rhyatt@kiausa.com<br><br>Email Notification,  Samantha Hughes  shughes-contracted@kiausa.com |
| **REGISTERED AGENT CONTACT:** | CT Corporation System<br>7700 E Arapahoe Road<br>Suite 220 |



**CT Corporation**
**Service of Process Notification**
06/13/2022
CT Log Number 541739370

Centennial, CO 80112
866-331-2303
CentralTeam1@wolterskluwer.com

**REMARKS:**                    The documents received have been modified to reflect the name of the entity being served.

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, COLORADO<br>7325 S. Potomac Street, Centennial, CO  80112<br>Phone: (303) 649-6355 | |
| | DATE FILED: May 19, 2022 3:30 PM<br>FILING ID: FD51C8B7A3256<br>CASE NUMBER: 2022CV30905 |
| Plaintiff:　　**Kerrie Vaughn**<br><br>v.<br><br>Defendant:　　**Kia America, Inc.** | ▲COURT USE ONLY▲ |
| ATTORNEYS FOR PLAINTIFF:<br>Name:　　　Stephen J. Burg, Reg. No. 39789<br>　　　　　　David J. Crough, Reg. No. 47528<br>Address:　　Burg Simpson Eldredge Hersh & Jardine, P.C.<br>　　　　　　40 Inverness Drive East<br>　　　　　　Englewood, Colorado, 80112<br>Phone No.:　(303) 792-5595<br>Fax No.:　　(303) 708-0527<br>E-Mail:　　sburg@burgsimpson.com<br>　　　　　　dcrough@burgsimpson.com | Case No.<br><br>Ctrm/Div: |
| **DISTRICT COURT CIVIL SUMMONS** | |

## THE PEOPLE OF THE STATE OF COLORADO

## TO THE ABOVE-NAMED DEFENDANT:

Kia America, Inc.
C/O its Registered Agent:  CT Corporation System, Inc.
7700 E. Arapahoe Road, Suite 220, Centennial, Colorado, 80112

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are served with this Summons: District Court Civil Case Cover Sheet; Complaint and Jury Demand.

Respectfully submitted this 19th day of May, 2022.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
*(Original signed copy on file at the law offices of Burg*
*Simpson Eldredge Hersh & Jardine, P.C.)*


*/s/David J. Crough*
Stephen J. Burg, Reg. No. 39789
David J. Crough, Esq., Reg. No. 47528
40 Inverness Drive East
Englewood, CO 80112
(303) 792-5595
*Attorneys for Plaintiff*

2

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 South Potomac Street<br>Centennial, Colorado 80112<br><br>Plaintiff(s): Kerrie Vaughn<br><br>v.<br><br>Defendant(s): Kia America, Inc. | DATE FILED: May 19, 2022 3:50 PM<br>CASE NUMBER: 2022CV30905<br><br><br>▲ COURT USE ONLY ▲<br><br>Case Number:  22CV30905<br>Div. 21 |

## DELAY REDUCTION ORDER
### (FOR CASES FILED ON OR AFTER JULY 1, 2015)

This Court is on a delay reduction docket.

A. For all civil actions, the following deadlines must be met:

1. <u>Service of Process</u>:  Returns of service on all defendants shall be filed within **63 days** after the date of the filing of the complaint.

2. <u>Default Judgment</u>:  Application for default judgment shall be filed within **35 days** after default has occurred.

3. <u>Case Management</u>:  Whether a Case Management Conference is required is determined by each Division.

4. <u>Trial Setting</u>: Parties shall comply with the procedure for setting trial as determined by the Judge presiding over the Division to which the case has been assigned.

   a. Actions governed by C.R.C.P. 16 shall be set for trial within **49 days** of the "at issue" date and generally trial will be set within **1 year** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

   b. Actions governed by C.R.C.P. 16.1 shall be set for trial within **42 days** of the "at issue" date and generally trial will be set within **6 months** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

B. A District Court Civil Cover Sheet (JDF 601) shall be filed with all civil complaints.

C.   Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

D.   Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled "Information Regarding Case(s)" informing the Court of the related case(s) and stating whether consolidation is appropriate.

E.   If an attorney or self-represented party failed to comply with the Order, the Court may dismiss the case without prejudice.

Date:   519/2022

BY THE COURT:
ASSIGNED JUDGE



| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED: May 20, 2022 2:30 PM<br>CASE NUMBER: 2022CV30905 |
|---|---|
| Plaintiff: KERRIE VAUGHN<br><br>v.<br><br>Defendant: KIA AMERICAN INC. | ▲  COURT USE ONLY  ▲<br><br>Case Number: 22CV30905<br><br>Courtroom:  21 |
| INITIAL PROCEDURAL ORDER | |

THE COURT, being duly advised in the premises hereby issues this order, the terms of which control over any other orders previously issued such as the Delay Reduction Order, and, or the Order Regarding Plan For Settlement Pursuant To C.R.C.P. 16(b)(7) and C.R.S. §§13-22-311, 313, as follow:

1.    <u>Pro Se (Self-Represented) Parties</u>:

    a.    You are bound to abide by these orders, the  Colorado Rules of Civil Procedure and the law in the State of Colorado in the same manner as attorneys, and must exhaustively **CONFER** with the other party(ies) or their counsel before asking the Court for relief.

    b.    **FORMS** are available at online at: https://www.courts.state.co.us/Forms/Index.cfm.

    c.    If you have specific questions there is also a **SELF-HELP OFFICE** in Arapahoe County located at 7325 S. Potomac Street, Centennial, Colorado 80122, in Courthouse II, Room 131 (303.645.6845).

2.    <u>Notice</u>:  Failure to comply with this, or any other order of the court may result in sanctions including but not limited to dismissal of the case without prejudice pursuant to C.R.C.P 121 § 1-10, and C.R.C.P. 41(b)(2).

3.      "Responsible Attorney": This term is defined in C.R.C.P. 16(b)(2) but also refers herein to the Plaintiff in cases where no party is represented by an attorney.

4.      Exhibits and Attachments:  Documents, and other evidentiary matter of any kind, related to a filing or related to a hearing of any kind must be identified and filed electronically with the Court no less than three (3) days before any scheduled event, AND SHALL NOT BE DELIVERED to the Court by any other means.  Parties shall be responsible for having the necessary equipment and technology available to display or play digital media -whether audio or video – during hearings  (including but not limited to screen sharing and other functions available when hearings are held by WebEx) without reliance on the Court.

5.      Certificate of Service:  The Responsible Attorney shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance. Further, the Responsible Attorney shall always provide pro se parties with copies of any and all orders and notices issued by the Court within seven days of receipt.

6.      Interpreters:  Pursuant to Chief Justice Directive 06-03, the courts shall assign and pay for language interpretation for all parties in interest during or ancillary to a court proceeding. If you require a language interpreter, you must inform the Division Clerk not later than 30 days prior to your next court appearance or hearing to ensure that an interpreter is present to assist you. Failure to timely contact the Division Clerk may prevent you from receiving an interpreter on the date and time of your scheduled court appearance and may result in continuance and or sanctions.  A language interpreter may only interpret what is said between parties during a hearing and immediately prior to or after the hearing. A language interpreter may not provide legal advice or any other service that is not related to interpreting. Interpreters may not provide any services that may constitute a violation of the language

interpreter's Code of Professional Responsibility.  If interpreter services are no longer needed, you must advise the Division Clerk not later than 72 hours prior to your scheduled court appearance.

7.      <u>Replevin and FED Cases</u>: In any replevin or FED matter, proof of service on Defendant(s) must be filed at least 48 hours PRIOR to a scheduled hearing on possession.  If proof of service is not filed at least 48 hours prior to the hearing, the hearing is subject to being vacated and reset.

8.      <u>Default</u>:  If a defendant is in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

9.      <u>Cases filed under C.R.C.P. 16.1</u>: Not later than 49 days after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h).  No Case Management Order or Case Management Conference is required unless after motion and subsequent order of the Court.

10.     <u>Cases NOT filed under C.R.C.P. Rule 16.1</u>

        a.      <u>Case Management Order</u>: Not later than 49 days after the case is at issue, the parties shall file, in editable format, a proposed Case Management Order. Pursuant to C.R.C.P. 16(d)(3) the Case Management Order shall be prima facie evidence that the parties seek the Court to dispense with a Case Management Conference.

        b.      <u>Case Management Conference</u>:  In the event that the parties are NOT working together collegially and CANNOT draft a Case Management Order consistent with the best interests of all parties and proportionate to the needs of the case, then, no later than 49 days after the case is at issue the Responsible Attorney shall file a motion requesting a Case Management

Conference (CMC).  If a Case Management Conference is scheduled the Responsible Attorney shall file a proposed Case Management Order no later than seven (7) days before the CMC which describes issues in dispute in **bold** print.

11.   <u>Trial Setting for All Cases</u>:

a.       The Responsible Attorney shall no later than 42 days from the date the case is at issue set the matter for trial by contacting the Division Clerk at cecilia.reed@judicial.state.co.us indicating in the subject line that the communication is a "Notice to Set" followed by the case number set forth above, copied to all interested parties. (Note: this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g)).  A case is "at issue" when: (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b) defaults or dismissal have been entered against all non-appearing parties; or (c) at such other time as the Court directs.

b.       The Division Clerk shall set the case for trial for no more than 5 days as well as for a Trial Management Conference. The parties must jointly respond to the dates offered by the Division Clerk within three business days or the Court will select the dates most convenient for its docket.  The Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing.

c.       Any issue related to the length of trial or the dates set by the Division Clerk shall be addressed by the Court upon motion subject to C.R.C.P. Rule 121, 1-15.   Repetitive, argumentative and, or unnecessary emails to the Division Clerk may result in the imposition of sanctions.

12.    <u>Motions to Dismiss</u> (C.R.C.P. Rule 12):  The remedy for many, if not most, Rule 12 motions is amendment of the complaint pursuant to C.R.C.P. Rule 15(a). Accordingly, Rule 12 motions shall in the certificate of conferral required by C.R.C.P. Rule 121, 1-15 (8) state with specificity that the parties have discussed amendment of the complaint and the reason not to allow it; failure to follow this procedure may result in the in the denial of the motion.    Further, motions to dismiss must comply with the following procedure stating each factual claim or response thereto in separately numbered paragraphs:

    a.        The Motion shall have an initial section setting forth the elements of each claim for relief plead in the Complaint and specify why the allegations in the Complaint do not contain plausible statements of fact related to each element.  Each defect shall be set forth in a numbered paragraph.

    b.        The Response shall address each claimed defect referring to the numbered paragraph in the Motion and shall refer to the numbered paragraphs in the Complaint which address the alleged defect.

    c.        Replies, if any, shall refer to each such paragraph set forth in the Response.

13.    <u>Related Cases</u>:  Parties shall file a Notice of Related Case with the Court, identifying the case number and county of origin and state whether consolidation is appropriate within thirty-five days after the case is at issue.

14.  <u>Dispute Resolution</u>:

a.       No later than 35 days after the case is at issue, the parties shall discuss the possibility of a prompt settlement or resolution of the case using Alternative Dispute Resolution (ADR) (see,  C.R.S. § 13-22-302) including services of the Office of Dispute Resolution (ODR) (www.ColoradoODR.org; 720-625-5940).

b.       No later than 42 days after the case is at issue, the parties shall file a "Stipulated Plan Regarding Settlement" which shall identify the ADR provider, and a date certain when the services shall be provided. If the parties fail to file a Stipulated Plan Regarding Settlement, they shall schedule ODR mediation to be completed no later than 35 days prior to the trial date.

c.       The parties shall certify in the proposed Trial Management Order that they have complied with this part of this Order.  Failure to comply may result in sanctions including, but not limited to, the trial date being vacated.

15.  <u>Remote Proceedings</u>

a.       <u>Telephonic Proceedings</u>:  Status conferences, including Case Management Conferences and Trial Management Conferences shall be scheduled for telephonic participation by the Division Clerk.  To attend such proceedings participants shall dial 303-645-6601, conference 57333# which shall be clearly described on all notices of hearing issued by the Responsible Attorney.

b.       <u>WebEx</u>:  Evidentiary hearings, including but not limited to show cause, replevin and FED possession hearings may be subject to the Court issuing a WebEx Procedural Order (WPO).  Unless a timely, written, objection to such proceeding is filed at least fourteen (14) days in advance of such proceeding, and granted prior to the commencement of such proceeding, the parties must comply with the WPO.

c.    <u>Trials</u>:  All trials shall be in-person unless otherwise ordered by the Court either after

a written motion is filed and granted, or on the Court's own motion.

DONE, May 20, 2022

BY:

_____

District Court Judge Peter F. Michaelson

# EXHIBIT C

B0685-1842 04/28/2022 7:53 PM Received by California Secretary of State

BA20220134796



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20220134796 |
| Date Filed: 4/28/2022 |

**Entity Details**

| | |
| --- | --- |
| Corporation Name | KIA AMERICA, INC. |
| Entity No. | 1840178 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 111 PETERS CANYON ROAD IRVINE, CA 92606 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 111 PETERS CANYON ROAD IRVINE, CA 92606 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | 111 PETERS CANYON ROAD IRVINE, CA 92606 |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| ◼ SeungKyu Yoon | 111 PETERS CANYON ROAD IRVINE, CA 92606 | Chief Executive Officer |
| Nam Kyu Kim | 111 Peters Canyon Road Irvine, CA 92606 | Secretary |
| Hyeong Yeob Bae | 111 Peters Canyon Road Irvine, CA 92606 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| ➕ SeungKyu Yoon | 111 PETERS CANYON RD IRVINE, CA 92606 | Other | President |

**Directors**

| Director Name | Director Address |
| --- | --- |
| ➖ ~~Han Woo Park~~ | ~~111 Peters Canyon Road Irvine, CA 92606~~ |
| ➕ Ho-Sung Song | 111 PETERS CANYON RD. IRVINE, CA 92606 |
| ➕ SeungKyu Yoon | 111 PETERS CANYON RD. IRVINE, CA 92606 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM Registered Corporate 1505 Agent |

**Type of Business**

| Type of Business | WHOLESALE DISTRIBUTOR VEHICLES |
|---|---|

**Email Notifications**

Opt-in Email Notifications — No, I do NOT want to receive entity notifications via email. I prefer notifications by USPS mail.

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

_Xiomara Benitez_
Signature

_04/28/2022_
Date

B0685-1843 04/28/2022 7:53 PM Received by California Secretary of State

# EXHIBIT D

1840178

**ARTICLES OF INCORPORATION**

**OF**

**KIA MOTORS AMERICA, INC.**

**FILED**
In the office of the Secretary of State
of the State of California

**OCT 2 1 1992**

*March Fong Eu*

MARCH FONG EU, Secretary of State

I

The name of this corporation is KIA MOTORS AMERICA, INC.

II

The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

III

The name and address in the State of California of this corporation's initial agent for service of process is:

Mr. Chul S. Chun
1 Technology Drive, Bldg. H.
Irvine, California 92718

IV

This corporation is authorized to issue only one class of shares of stock; and the total number of shares which this corporation is authorized to issue is 1,000,000.

V

The personal liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California law, as the same exists when this Article V becomes effective and to such greater extent as California law may thereafter permit.

VI

The corporation is authorized to indemnify any agent (as hereinafter defined) to the maximum and broadest extent permitted by California law, as the same exists when this article VI becomes effective and to such greater extent as California law may thereafter permit, if and to the extent such agent becomes entitled to indemnification by bylaw, agreement, vote of shareholders or disinterested directors or otherwise. This authorization includes, without limitation, the authority to indemnify any agent in excess of that otherwise expressly permitted by Section 317 of the California Corporations Code as to action in an official capacity and as to action in another capacity while holding such office for breach of duty to the corporation and its shareholders; provided, however, that the corporation is not authorized to indemnify any agent for any acts or omissions from which a director may not be relieved of liability as set forth in the exceptions to paragraph (10) of Section 204(a) of the California Corporations Code or as to circumstances in which indemnity is expressly prohibited by Section 317 of the California Corporations Code. When used in this Article VI, "agent" shall have the meaning assigned to this term in Section 317 of the California Corporations Code. Each reference in this Article VI to a provision of the California Corporations Code shall mean that provision when this Article VI becomes effective and as the same may be amended thereafter from time to time, but only to the extent that such amendment would broaden or increase the scope or magnitude of permissible indemnification.

DATED:  October 21, 1992.


_____
Pam Martin, Incorporator

# EXHIBIT E



**Secretary of State**

**Certificate of Amendment
of Articles of Incorporation**

*Name Change Only - Stock*

| AMDT-
STK-NA |



## FILED

Secretary of State
State of California

A0870442

Filing Number

04/09/2021

Filing Date

**This Space For Office Use Only**

---

**IMPORTANT -** Read Instructions **before completing this form.**

**Filing Fee  - $30.00**

**Copy Fees** - First Page $1.00 & .50 for each attachment page;
Certification Fee – $5.00

---

**1. Corporation Name** (Enter the exact name of the corporation as it currently is recorded with the California Secretary of State.)

Kia Motors America, Inc.

**2. 7-Digit Secretary of State Entity Number**

# 1840178

---

**3. New Corporation Name**

Enter the number, letter or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "1.", "I", "First", or "One").

Article _____I_____of the Articles of Incorporation is amended to read:

The name of the corporation is   Kia America, Inc. _____

_____

---

**4. Approval Statements**

4a.  The Board of Directors has approved the amendment of the Articles of Incorporation.

4b.  Shareholder approval was (**check one**):

[✓]  By the required vote of shareholders in accordance with California Corporations Code section 902. The total number of outstanding shares of the corporation entitled to vote is ____3,070,000____. The number of shares voting in favor of the amendment equaled or exceeded the vote required. The percentage vote required was more than 50%.

**OR**

[ ]  Not required because the corporation has no outstanding shares.

---

**Read, sign and date below (**See instructions **for signature requirements. Note: Both lines must be signed.)**

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

| 4/5/2021 | | SeungKyu Yoon |
|---|---|---|
| Date | Signature (Do not leave blank) | Type or Print Name of President |
| 4/5/2021 | | Nam Kyu Kim |
| Date | Signature (Do not leave blank) | Type or Print Name of Secretary |

AMDT-STK-NA  (REV 12/2020)

2020 California Secretary of State
bizfile.sos.ca.gov