IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 22-cv-01690-PAB-SBP

KERRIE VAUGHN,

    Plaintiff,

v.

KIA AMERICA, INC.,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on Kia America, Inc.'s Objection to Amended Discovery Order [Docket No. 72].

## I.    BACKGROUND

This case is a products liability action arising from an incident on May 29, 2020. Docket No. 10 at 2-3, ¶¶ 7, 25. Plaintiff Kerrie Vaughn alleges that her vehicle, a 2016 Kia Soul EV Plus, had a defect which caused the vehicle to roll out of her garage unattended. *Id.*, ¶¶ 6, 25-31. When Ms. Vaughn attempted to stop the vehicle from rolling into the street, the vehicle knocked her down and she sustained severe injuries. *Id.* at 4-5, ¶¶ 32-33, 57. Ms. Vaughn alleges that the vehicle had a defective transmission, arising from the design or manufacturing process, which allowed the vehicle to "roll away unattended while the gear shift lever [was] in the position of 'Park.'" *Id.* at 3, 6, ¶¶ 27, 63.

The parties dispute whether defendant Kia America, Inc. ("Kia America") has a legal obligation to obtain relevant documents from its parent corporation, Kia Corporation, an entity that is not a party to this case. Docket No. 68 at 3; *see also* Docket Nos. 39, 41.[1] Federal Rule of Civil Procedure 34 requires production of documents within a party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). On September 5, 2023, Magistrate Judge Susan Prose issued an amended discovery order. Docket No. 68. Magistrate Judge Prose found that

> under Federal Rule of Civil Procedure 34, Kia America has control over documents held by its corporate parent, Kia Corporation, concerning the design, development, manufacturing, operation, and functionality of components and systems in the 2016 Kia Soul EV. Plaintiff's Requests for Production 12, 15, 16, and 21 seek relevant information, and Kia America shall produce the requested documents.

*Id*. at 2. Magistrate Judge Prose discussed how Kia America has "the legal right under the Distributorship Agreement [between Kia America and Kia Corporation] (and also the authority or ability) to obtain from Kia Corporation documents pertaining to the design, development, manufacturing, operation, and functionality of components and systems in Kia vehicles." *Id*. at 7. Therefore, Magistrate Judge Prose found that Kia America has "control" over such documents under Fed. R. Civ. P. 34. *Id*.

On September 19, 2023, Kia America filed an objection to the magistrate judge's order. Docket No. 72. Ms. Vaughn filed a response opposing the objection. Docket No. 75.[2]

---

[1] There is no dispute in this case that Kia America does not have plaintiff's requested documents in its physical possession in the United States.

[2] On May 7, 2024, plaintiff filed an unopposed motion seeking a ruling from this Court on Kia America's objection. Docket No. 90. The Court denies this motion as moot.

## II.   LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently.  *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly."  *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).

Discovery is a non-dispositive matter.  *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  Both parties agree that Magistrate Judge Prose's amended discovery order is non-dispositive.  *See* Docket No. 72 at 4; Docket No. 75 at 5.  Therefore, the Court will review the amended discovery order under the clearly erroneous or contrary to law standard.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## III.   ANALYSIS

Kia America objects to the magistrate judge's order on several grounds.  First, Kia America argues that the amended order applies the wrong legal standard.  Docket

No. 72 at 4.  Second, Kia America argues that the amended order's conclusion that Kia America has "control" over documents in Kia Corporation's possession based on certain provisions in the Distributorship Agreement is clearly erroneous.  *Id*. at 9.  Third, Kia America argues that, even if the Distributorship Agreement allows it to obtain documents for purposes of litigation, the Distributorship Agreement does not permit Kia America to request design-related documents.  *Id*. at 12-13.

The Court will first consider the second objection.  Kia America argues that the magistrate judge's holding, that Kia America has "control" over documents because it has the legal right to obtain the documents under the Distributorship Agreement, is clearly erroneous.  *Id*. at 9.  Kia America argues that this finding is contradicted by the plain language of the Distributorship Agreement.  *Id*.  Kia America asserts that the "Agreement does not provide either party any right to, or obligation to provide, information requested by an opposing party in product litigation in the United States."  *Id*. at 11.  Ms. Vaughn responds that the magistrate judge's order is not clearly erroneous because the language in the Distributorship Agreement affords Kia America the legal right to obtain documents from Kia Corporation.  Docket No. 75 at 7-8.

Magistrate Judge Prose found that Kia America has "control" over documents pertaining to the design, development, manufacturing, operation, and functionality of components and systems in Kia vehicles because Kia America has the "the legal right under the Distributorship Agreement" to obtain those documents from Kia Corporation.  Docket No. 68 at 7.  Magistrate Judge Prose discussed how the Distributorship Agreement

> says that Kia Corporation will "from time to time, furnish KIA AMERICA with copies of service materials and engineering drawings prepared by KIA

4

> [CORPORATION] . . . ."  The Distributorship Agreement also says that "[u]pon request by KIA AMERICA, KIA [CORPORATION] shall make available" service assistance including "supplying drawings, [v]ehicles components and related information necessary for development of dealer special tool requirements."

*Id*. (internal citations omitted).  Magistrate Judge Prose found that the declaration from Kia America's representative Eric Sauck, asserting that Kia America lacks a legal right to obtain Kia Corporation's documents, was not properly supported by personal knowledge.  *Id*. at 6.

As discussed previously, Federal Rule of Civil Procedure 34 allows a party to request that another party produce documents within that party's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  "[D]ocuments are deemed to be in a party's possession for discovery purposes if the person 'has a legal right to obtain the documents on demand.'"  *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2020 WL 9432880, at *4 (D. Colo. Dec. 10, 2020) (quoting *Tomlinson v. El Paso Corp*., 245 F.R.D. 474, 476 (D. Colo. 2007)); *see also Grays v. Auto Mart USA, LLC*, No. 18-cv-01761-MSK-NYW, 2019 WL 13167572, at *4 (D. Colo. Oct. 25, 2019) ("the Federal Rules of Civil Procedure contemplate the production of documents that are actually possessed by the subpoenaed party or which the subpoenaed party has authority or a legal right to obtain.").  The party requesting documents "bears the burden of proving the subpoenaed party's possession, custody, or control of those documents."  *Grays*, 2019 WL 13167572, at *4.

The Court will begin by reviewing the Distributorship Agreement.  Section 7 of the Distributorship Agreement is entitled "Service of Products."  Docket No. 72-3 at 10.  Section 7.1 states that "KIA AMERICA shall assume responsibility for the performance of service for the Products distributed in the Area by KIA AMERICA."  *Id*.  To perform

this duty, Kia America agrees to provide Kia Corporation with "assistance and input necessary" to produce service materials.  *Id*. at 11.  Service materials are defined in the Agreement as "Owner Warranty Information, Owner's Manual(s), Owner Maintenance Schedules [sic], Work Shop or Service Manual(s), Consumer Information, Tire Warranty(s), Parts Catalog(s), and/or other data, information, and material(s) necessary for servicing the Products, which are furnished or issued to Dealer, authorized service facilities and/or consumers by KIA AMERICA."  *Id*. at 5.  In regard to such service materials, Section 7.2 states that,

> In order to assist KIA AMERICA in *preparing its Service Materials*, KIA [CORPORATION] will cooperate with KIA AMERICA, provide KIA AMERICA with technical assistance as KIA AMERICA, reasonably requests, and, from time to time, furnish KIA AMERICA with *copies of service materials* and *engineering drawings* prepared by KIA [CORPORATION] for the products corresponding or similar to the Products, or drafts of the service materials and proposed instructions to be followed by KIA AMERICA in using such copies or drafts of service materials.

*Id*. at 11 (emphasis added).  Section 7.2 outlines the parties' contractual responsibilities in relation to Kia America's preparation of service materials.  In order to assist Kia America in preparing the service materials, Kia Corporation must, upon request by Kia America, provide service materials and engineering drawings to Kia America.  While Kia America arguably has a legal right to request "engineering drawings" to assist its preparation of service materials, nothing in the Distributorship Agreement suggests that Kia America has the legal right to request engineering drawings or other materials from Kia Corporation for reasons that do not relate to its preparation of service materials, much less documents related to a third party's request for documents for litigation purposes.

6

Similarly, the Distributorship Agreement also states that,

> *Upon request by KIA AMERICA*, KIA [CORPORATION] shall make available the following types of service assistance in a timely manner: . . . (2) *supplying drawings, [v]ehicles components and related information* necessary for development of dealer special tool requirements and (3) *supplying any other service information or assistance necessary* for KIA AMERICA to fulfill its obligations under this Agreement.

*Id*. at 11-12 (emphasis added).  The language, "[u]pon request" by Kia America, Kia Corporation shall "supply[] any other service information or assistance necessary for KIA AMERICA to fulfill its obligations under this Agreement," *see id*.,[3] is not a catch-all provision giving Kia America the legal right to obtain documents regarding the design of the transmission of the 2016 Kia Soul EV Plus.  Rather, this provision gives Kia America the ability to request documents related to its duty to provide service to Kia vehicles.  There is no evidence that Kia America has ever made a request for design documents for vehicle transmissions in order to service Kia vehicles or that it had or has any need for such documents.  The mere fact that Kia America has the "ability" to ask Kia Corporation for such documents does not demonstrate that it has the legal right to obtain them pursuant to the terms of the Distributorship Agreement.[4]

---

[3] The Distributorship Agreement outlines several obligations for Kia America, including distributing vehicles, servicing the products, and managing recalls.  Docket No. 72-3 at 9-11, 13.

[4] The Distributorship Agreement also states that "KIA [CORPORATION] and KIA AMERICA shall cooperate with one another in the event that any government entity or agency in the United States asks or requires either KIA [CORPORATION] or KIA AMERICA to respond and/or produce information and/or documents in response to an inquiry, investigation or any other request or demand."  Docket No. 72-3 at 13.  Neither party, nor the magistrate judge, addressed this provision.  However, this provision suggests that Kia America has no legal right to obtain documents from Kia Corporation in response to plaintiff's discovery requests.  Ms. Vaughn is not a government agency in the United States.  The fact that the Distributorship Agreement contains an explicit, narrow exception for investigations by a United States government agency suggests

7

In support of her conclusion that Kia America has the legal right to obtain the design-related documents from Kia Corporation, the magistrate judge relied on several cases.  *See* Docket No. 68 at 4-6.  The Court finds that those cases are distinguishable.  For example, in *Tomlinson*, the court held that the defendant-employer was in "control" of electronic data stored by a third-party because the Employee Retirement Income Security Act ("ERISA") imposed a legal duty on the employer to ensure that employee benefits records are "accessible" and the employer cannot delegate that legal obligation to a third-party under ERISA.  *Tomlinson*, 245 F.R.D. at 476-77.  Here, Kia America has no legal obligation to obtain the requested documents from Kia Corporation under ERISA or any other federal statute.  In *Cooper Indus., Inc. v. Brit. Aerospace, Inc.*, 102 F.R.D. 918, 918-20 & n.2 (S.D.N.Y. 1984), the court found that defendant had the obligation under Rule 34 to produce the requested "service manuals and blueprints," which were in the physical custody of defendant's British affiliate, because the court found that it was "inconceivable" that defendant did not have access to these documents in its normal course of business to service the airplanes.  Here, there is no evidence that Kia America had access to plaintiff's requested documents in its ordinary course of business of servicing Kia vehicles pursuant to the Distributorship Agreement.

Ultimately, the Court finds that the terms of the Distributorship Agreement do not give Kia America the "legal right to obtain" plaintiff's requested documents.  *See Swan Glob. Invs.*, 2020 WL 9432880, at *4.  Therefore, Ms. Vaughn has not satisfied her burden of proving that Kia America has control of those documents.  *See Grays*, 2019

---

that the parties to the Distributorship Agreement did not agree to an exception for civil litigation discovery requests from private parties.

WL 13167572, at *4. Because the Court is left "with the definite and firm conviction that a mistake has been committed," see *Ocelot Oil Corp.*, 847 F.2d at 1464, the Court sustains Kia America's second objection.[5]

## IV. CONCLUSION

It is therefore

**ORDERED** that Kia America, Inc.'s Objection to Amended Discovery Order [Docket No. 72] is **SUSTAINED**. It is further

**ORDERED** that Plaintiff's Unopposed Motion Requesting Order Regarding Kia America, Inc.'s Objection to Amended Discovery Order, ECF NO. 72 [Docket No. 90] is **DENIED as moot**.

DATED May 20, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[5] Because the Court has sustained the second objection, the Court finds that it does not need to reach Kia America's first or third objections. *See* Docket No. 72 at 4-9, 12-15.